# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTONIO D. KISER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-609-LPS |
| C/O KRAMER, et al., | : |
| Defendants. | : |

Antonio D. Kiser, Sussex Work Release Center, Georgetown, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

November 2, 2010
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

The Plaintiff Antonio D. Kiser ("Kiser"), an inmate at the Sussex Work Release Center in Georgetown, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) At the time he filed the Complaint he was housed in the Central Violation of Probation Center in Smyrna, Delaware. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Named as defendants are Defendant C/O Kramer ("Kramer"), Lt. Wiley ("Wiley"), Sgt. Hawn ("Hawn"), and the Attorney General of the State of Delaware ("Delaware Attorney General"). A search and pat-down was conducted on Kiser on May 26, 2010, after he left the chow hall. Kramer conducted the search. Kiser alleges that, during the search, Kramer patted between his legs, up to his testicles, and pulled the left testicle causing him pain. Kiser complained to Wiley and Hawn. They advised Kiser that Kramer's actions were "what he was supposed to do." Kiser was told to give Kramer his I.D. and that he would be moved "to the hole." Kiser seeks compensatory damages. He also asks that correctional officers be properly trained and that Defendants be placed on suspension or a probationary period.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Kiser proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Kiser leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Kiser has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

3

## IV. **DISCUSSION**

Kiser alleges that Kramer inappropriately searched him during a pat-down when he pulled his left testicle and caused him pain. Kiser complained to Wiley and Hawn, but they did nothing.[2] While not clear, it may be that Kiser attempts to raise a claim of sexual harassment.

The Eighth Amendment protects an inmate from the "unnecessary and wanton infliction of pain." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). In order to violate the Eighth Amendment, the "punishment" must be "objectively, sufficiently serious," and the official must have had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); *Freitas v. Ault*, 109 F.3d 1335, 1338-39 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). While allegations of sexual abuse may, in some circumstances, violate the Eighth Amendment, isolated incidents of harassment, involving verbal harassment and touching, are not severe enough to be "objectively, sufficiently serious." *Boddie*, 105 F.3d at 857 (male prisoner's allegations that female officer touched his penis and said, "[Y]ou know your [sic] sexy black devil, I like you," later bumped into him, and pressed her whole body against his body were not sufficiently serious to satisfy the objective component); *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (male inmate's claims that two officers grabbed his buttocks for a moment did not meet the objective component of

---

[2] It may be that the Delaware Attorney General, Wiley, and Hawn are named as defendants based upon their supervisory positions. However, as is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 129 S.Ct. 1948; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Eighth Amendment); *see also Wright v. O'Hara*, No. CIV. A. 00-1557, 2004 WL 1793018, at *7 (E.D. Pa. Aug. 11, 2004).

Here, Kiser alleges one instance of improper touching by Kramer during a pat-down, with no allegations of verbal harassment. Assuming the truth of Kiser's allegations, they do not rise to the level of a constitutional violation. Kiser claims that Kramer pulled his left testicle and it caused him pain. While this appears to be improper touching, as alleged it happened only once and, hence, the allegations do not state an Eighth Amendment claim. *See Hughes v. Smith*, 237 F. App'x 756 (3d Cir. July 2, 2007) (not published) (single incident of pat-down frisk in which correctional officer allegedly touched testicles through clothing does not rise to level of Eighth Amendment violation); *see also Murray v. Michael*, Civ. No. 9:03-CV-1434, 2005 WL 2204985 (N.DN.Y. Sept. 7, 2005) (single incident of alleged sexual abuse by corrections officials, in which prisoner alleged defendants "violently squeezed" genitals and placed baton in his "anus area," insufficient to state Eighth Amendment claim).

The complaint fails to allege conditions that are sufficiently serious to satisfy the components of an Eighth Amendment claim. Accordingly, the Court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## VI. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTONIO D. KISER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-609-LPS |
| C/O KRAMER, et al., | : |
| Defendants. | : |

## ORDER

At Wilmington this 2nd day of November, 2010, consistent with the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. The Complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment is futile.

2. The Clerk of Court is directed to CLOSE this case.

_____
UNITED STATES DISTRICT JUDGE